UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO SAAVEDRA-VARGAS | CIVIL ACTION |
| VERSUS | NO. 18-11461 |
| BP EXPLORATION & PRODUCTION, INC. ET AL | SECTION "L" (2) |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Continue Trial and Modify Scheduling Order, R. Doc. 63. The motion is opposed. Oral argument was held on January 5, 2021. Having considered the applicable law and the parties' arguments, the Court now rules as follows.

### I. BACKGROUND

This case arises from Plaintiff Antonio Saavedra-Vargas's shoreline clean-up work near Hopedale, Louisiana after the Deepwater Horizon oil spill in the Gulf of Mexico. R. Doc. 1. Plaintiff alleges that during this response work, he was exposed to particulate matter that caused him to suffer from chronic bilateral maxillary sinus disease. *Id.* at ¶¶ 20; 26; 39. Plaintiff worked from approximately May 2010 to November 2010 and was diagnosed in 2017. *Id.* at ¶¶ 18, 22; *see also* R. Doc. 65-1 at 3.

Based on the foregoing allegations, Plaintiff filed the instant lawsuit against Defendants BP Exploration and Production, Inc. and BP America Production Company pursuant to the Medical Benefits Class Action Settlement ("MSA") reached in *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179. R. Doc. 1 ¶ 3. This allows class members claiming "later-manifested physical conditions" (LMPC) diagnosed after April 2012 to sue through the Back-End Litigation Option ("BELO"). Liability is not an issue in the

1

BELO cases, but the plaintiff must prove the diagnosis of a malady and a causal relationship of the malady to the oil spill. *Turner v. BP Expl. & Prod., Inc*., No. CV 18-9897, 2019 WL 6895577, at *2 (E.D. La. Dec. 18, 2019). Plaintiff seeks to recover damages for pain and suffering, mental anguish, medical expenses,[1] scarring and disfigurement, other economic loss, loss of enjoyment of life, and fear of future medical issues. *Id*. ¶ 28.

The trial in this case has been continued three times due to the pandemic. Most recently, the trial has again been rescheduled to May 10, 2021, but the August 24, 2020 deadline for Plaintiff's expert report was not continued.[2] R. Doc. 90.

Plaintiff has now filed a motion to re-open the expert deadlines and reset the Plaintiff's expert disclosure date to April 1, 2021. R. Doc. 63. Plaintiff contends that good cause exists under Federal Rule of Civil Procedure 16(b)(4) to allow this modification of the Court's scheduling order because Plaintiff's proposed new expert will require time to develop opinions in this case. A recent study has revealed additional oil deposits from the Deepwater Horizon spill. *See* R. Doc. 63-3. The study was designed to examine the full extent of the oil released for the purpose of determining its level of toxicity to marine organisms in open waters. Plaintiff has since retained one of the study's authors, Dr. Perlin, to conduct a new study to quantify the level and duration of Plaintiff's toxic exposure to determine whether there is any causal relationship between it and his malady. Plaintiff insists that the proposed study will help him meet his burden of proof on medical causation.

In response, Defendants argue that Plaintiff failed to show good cause for re-opening the deadline, since he had at least February 2020 to effectuate the proposed study. R. Doc. 70. Defendants also challenge the study's relevance, as it dealt entirely with toxic-to-biota (i.e., marine life) concentration ranges in offshore waters. Further, Plaintiff has stipulated that particulate matter

---

[1] Plaintiff stipulated that he does not seek damages for past medical expenses. R. Doc. 20.
[2] *See* COVID-19 General Order 21-1 (suspending all jury trials in this district until at least May 1, 2021).

caused his sinus condition, not polycyclic aromatic hydrocarbons (PAHs) present in the oil. Lastly, Defendant argues that BP would be prejudiced by the resulting need to retake expert discovery and re-issue reports from its own experts.

In determining whether good cause exists, courts consider four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007). A court must weigh the factors considering the totality of the circumstances, and no one factor is dispositive. *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257–58 (5th Cir. 1997).

The Court finds that good cause exists to re-open expert discovery in this case. Fed. R. Civ. P. 16(b)(4). The Court anticipates challenges to the relevance and reliability of Dr. Perlin's opinions as to this particular plaintiff, but these may be more properly be addressed on a *Daubert* motion. The parties shall confer and submit a joint proposed scheduling order to cure any potential prejudice to Defendants as a result of this extension.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion, R. Doc. 63, is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties submit a joint proposed scheduling order by no later than February 2, 2021.

**IT IS ALSO ORDERED** that Plaintiff's motion to file supplemental authority in support, R. Doc. 99, is **MOOT**.

New Orleans, Louisiana on this 19th day of January, 2021.

_____
UNITED STATES DISTRICT JUDGE