UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTONIO SAAVEDRA-VARGAS** | CIVIL ACTION |
| **VERSUS** | NO. 18-11461 |
| **BP EXPLORATION & PRODUCTION, INC. ET AL** | SECTION "L" (2) |

## ORDER AND REASONS

Before the Court is Defendants BP Exploration & Production, Inc. and BP America Production Company's (collectively, "Defendants'" or "BP's") "Renewed Motion for Summary Judgment for Lack of Proof of Causation." R. Doc. 152. Plaintiff Antonio Saavedra Vargas opposes the motion. R. Doc. 154. The Court has considered the parties' memoranda, the record, the applicable law, and now issues this Order and Reasons.

### I.  Background

This case arises from Plaintiff Antonio Saavedra-Vargas's alleged exposure to harmful substances and chemicals after the 2010 Deepwater Horizon oil spill in the Gulf of Mexico. R. Doc. 1. Plaintiff alleges that while employed to perform response activities after the spill, he was "exposed to the oil, dispersants, and other harmful chemicals." *Id.* ¶ 20. Plaintiff contends that exposure to these substances legally and proximately caused him to develop malaise and fatigue as well as "other chronic conditions . . . such as . . . visual disturbance, inflammation of eyelids, shortness of breath, dermatitis[,] other eczema due to solvents, and mild chronic bilateral maxillary sinus disease." *Id.* ¶¶ 22, 26.

Based on the foregoing allegations, Plaintiff filed the instant lawsuit against Defendants BP Exploration and Production, Inc. and BP America Production Company pursuant to the Medical

Benefits Class Action Settlement ("MSA") reached in *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179. *Id.* ¶ 3. The MSA allows class members claiming later-manifested physical conditions ("LMPC") diagnosed after April 2012 to sue through what is referred to as the Back-End Litigation Option ("BELO").[1] Liability is not an issue in BELO cases, but plaintiffs must prove the diagnosis of a malady and a causal relationship between the malady and the oil spill. *Turner v. BP Expl. & Prod., Inc.*, No. CV 18-9897, 2019 WL 6895577, at *2 (E.D. La. Dec. 18, 2019). Plaintiff seeks to recover damages for pain and suffering, mental anguish, medical expenses,[2] scarring and disfigurement, other economic loss, loss of enjoyment of life, and fear of future medical issues. R. Doc. 1 ¶ 28. Defendants admit that Plaintiff was a cleanup worker but generally deny Plaintiff's other allegations. R. Doc. 4.

The Court previously granted BP's motion for partial summary judgment as unopposed, narrowing the medical diagnosis at issue to Plaintiff's mild chronic bilateral maxillary sinus disease. R. Doc. 39. BP earlier moved for summary judgment based on Plaintiff's asserted inability to establish causation. R. Doc. 65. After re-opening expert discovery, the Court denied BP's motion as premature, without prejudice to BP's right to reurge its motion. R. Doc. 113.

## II.   PRESENT MOTION

Discovery has now concluded, and BP renews its motion for summary judgment because Plaintiff lacks admissible expert evidence on causation. R. Doc. 152 at 1. As BP notes, the Court struck the testimony of ten of Plaintiff's late-designated experts. R. Doc. 150. BP then filed the present motion. Shortly after the filing of the instant motion, the Court excluded Plaintiff's sole remaining expert, Dr. Patricia Williams, based on Plaintiff's agreement to exclude her testimony. R. Doc. 154 at

---

[1] Plaintiff was diagnosed in 2017.

[2] Plaintiff stipulated that he does not seek damages for past medical expenses. R. Doc. 20.

7. Presently, then, Plaintiff has no expert witness on the issue of medical causation. Without an expert toxicologist, BP argues, Plaintiff cannot shoulder her evidentiary burden of introducing testimony on toxic tort causation. R. Doc. 152-1 at 3.

In opposition, Plaintiff asserts that he cannot "properly defend" BP's motion for summary judgment because the Court has struck the testimony of his causation experts. R. Doc. 154. Plaintiff requests a continuance to conduct additional expert discovery on causation. *Id.* at 6-12.

### III.  Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party' s case, and on which the party will bear the burden of proof at trial." *Id.* The moving party bears the burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.

"A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When ruling on a motion for summary judgment, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008); *Int' l*

*Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Moreover, the court must assess the evidence and "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). However, "conclusory allegations," "unsubstantiated assertions," or "only a 'scintilla' of evidence" are not sufficient to show a genuine dispute of material fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### III.    DISCUSSION

To prevail on a BELO claim, a plaintiff must demonstrate that he was diagnosed with a physical condition after April 16, 2012, and that his later-manifested physical condition was legally caused by exposure to harmful substances related to the oil spill. *Turner*, No. CV 18-9897, 2019 WL 6895577, at *2. Thus, although Plaintiff need not prove liability, he must prove causation. *Id.* "Courts have consistently held that 'expert testimony is . . . *required* to establish causation' in toxic tort cases such as this one, because medical causation is a complex, scientific, and highly technical issue [that] "a plaintiff . . . cannot expect lay fact-finders to understand.'" *Id.* (quoting *Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 723 (5th Cir. 2009)); *accord Cibilic v. BP Expl. & Prod.*, No. CV 15-995, 2017 WL 1064954, at *2 (E.D. La. Mar. 21, 2017) (requiring expert testimony because the "causal link between exposure to oil and dispersants and [illness] is not within the layperson's common knowledge").

In the instant case, Plaintiff concedes that he lacks any admissible expert testimony to prove legal causation. R. Doc. 154 at 9. Although Plaintiff has proffered over a dozen expert witnesses, Plaintiff abandoned his reliance on certain experts, while the Court excluded the testimony of Plaintiff's remaining experts due to deficiencies in their testimony or unjustified tardiness on the part of Plaintiff in designating them as experts. R. Doc. 150 at 3; R. Doc. 156. In

the absence of any expert witness testimony on an essential element of his BELO claim, Plaintiff's claim cannot succeed. *See Turner*, No. CV 18-9897, 2019 WL 6895577, at *2.

Plaintiff asserts, however, that the Court should grant him a continuance "in order to allow Plaintiff to properly defend BP's summary judgment motion by relying on the reports of his experts." R. Doc. 154 at 7. Plaintiff cites Fifth Circuit caselaw stating that "a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time[.]" *Campbell v. Keystone Aerial Survs., Inc.,* 138 F.3d 996, 1001 (5th Cir. 1998) (internal quotation marks omitted). But by its terms, this bias in favor of a continuance applies only when a party seeks to designate an expert witness. Here, Plaintiff has not identified any specific witness he seeks to designate as an expert whose testimony has not already been stricken. Moreover, this case has been progressing in this Court for over three years. In light of Plaintiff's failure to request additional time to designate a particular expert witness, the multiple continuances the Court has already granted, the very late stage of this litigation, and the prejudice to Defendants that would result from a continuance when the deadline to designate experts has long passed, the Court declines to grant a continuance.

## IV.    CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that BP's renewed motion for summary judgment, R. Doc. 152, is **GRANTED**, and the cause is **DISMISSED** with prejudice.

New Orleans, Louisiana, on this 9th day of December, 2021.

                                                                                              United States District Judge